UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

JOHNNY DAR EAGLE,

              Plaintiff,                 Case No. 1:08-cv-175

v.                                      Honorable Robert J. Jonker

(UNKNOWN) GILBERT et al.,

                                     **<u>ORDER OF TRANSFER</u>**

              Defendants.

——————————————————————/

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff presently is incarcerated at the Saginaw Correctional Facility but the events giving rise to

his complaint occurred at the G. Robert Cotton Correctional Facility (JCF) in Jackson County.

Plaintiff sues the following JCF employees:   (Unknown) Gilbert, Resident Unit Manager

(Unknown) Ryan, Corrections Officer (Unknown) Lamb, and Classification Director Unknown.  In

his *pro se* complaint, Plaintiff alleges that Defendants refused to allow him to attend Protestant

services on Sunday in violation of his First Amendment rights.  (Compl. at 4, docket #1.)  The

events giving rise to Plaintiff's action occurred at G. Robert Cotton Correctional Facility, which is

located in Jackson County.  Jackson County is within the geographical boundaries of the Eastern

District of Michigan.  28 U.S.C. § 102(a).

Under the revised venue statute, venue in federal-question cases lies in the district

in which any defendant resides or in which a substantial part of the events or omissions giving rise

to the claim occurred.  28 U.S.C. § 1391(b).   Defendants are public officials serving in Jackson

County, and they "reside" in that county for purposes of venue over a suit challenging official acts.

*See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Plaintiff's allegations against these Defendants arose in Jackson County, where Defendants allegedly committed the acts giving rise to this case.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  In these circumstances, venue is proper only in the Eastern District.  Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).  **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

IT IS SO ORDERED.


Dated:  March 5, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                         HUGH W. BRENNEMAN, JR.
                                                         United States Magistrate Judge